IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD JAMES LAQUERRE                                                           PLAINTIFF

v.                              Case No. 6:17-cv-6039-SOH

SHERIFF MIKE MCCORMICK, DR.
WAGGENHAUSER, NURSE
PRACTITIONER DUKES, SOUTHWEST
CORRECTIONAL MEDICAL GROUP                                                   DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Richard James Laquerre pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). This matter is before the Court for preservice screening under the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court must dismiss an IFP plaintiff's complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

On April 28, 2017, Plaintiff filed this section 1983 lawsuit, alleging that his constitutional rights were violated while he was incarcerated in the Garland County Detention Center ("GCDC"). Plaintiff alleges that he was denied medical care, denied access to a law library, and denied access to an adequate grievance procedure. (ECF No. 1, pp. 4-7). Plaintiff seeks compensatory and punitive damages.

Plaintiff alleges that Defendants Waggenhauser, Dukes, and Correctional Medical Group denied him an MRI and x-ray "to see how much more damage has been cause[d] to my shoulder, back, and spine for slips and falls that happened in Garland County Detention Center." (ECF No.

1, p. 4). Plaintiff alleges the slips and falls are causing him pain, and that he has trouble cleaning and dressing himself as a result. In a later filing, Plaintiff states he does not want to take addictive pain medication for the rest of his life. (ECF No. 10, p. 1). Plaintiff asserts denial-of-medical-care claims against Defendants Waggenhauser, Dukes, and Correctional Medical Group in both their official and individual capacities.

Plaintiff also alleges that unknown Defendants told him that he could have caselaw or other legal information printed out for him, "which is hard because [he] does not know what to ask for." (ECF No. 1, p. 5). He further alleges that in March 2017, a law library was set up on a kiosk in the GCDC's multi-use room, but he does not have sufficient time to use it and he does not know how to use it. Plaintiff asserts this claim against the unknown, unnamed Defendants in their official capacity only.

Plaintiff alleges further that the GCDC has an inadequate grievance procedure because he cannot "follow thru [sic] with the complete procedure do [sic] to the length of time it takes to have them answered," he did not get many of the grievances back, and that "the form itself is not completely printed out." (ECF No. 1, p. 6). Plaintiff asserts this claim against unknown, unnamed Defendants in their official capacity only.

## II. DISCUSSION

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint: (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state

law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court will first address Plaintiff's claims against Defendant McCormick. The Court will then address Plaintiff's individual-capacity claims. Finally, the Court will address Plaintiff's official-capacity claims.

### A. Defendant McCormick

Plaintiff lists Defendant McCormick in the case caption of his complaint, but does not assert any claims against him or allege any facts against him. Merely listing a defendant in a case caption is insufficient to support a claim of a constitutional violation by that defendant. *Krych v. Hass*, 83 Fed. App'x. 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)) (per curiam). Even for an official-capacity claim under section 1983, "a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989).

In this case, Plaintiff merely listed Defendant McCormick as a defendant in the complaint's case caption. Plaintiff made no claims or allegations against Defendant McCormick. Thus, he failed to state a plausible claim against Defendant McCormick. Therefore, the Court finds that Plaintiff's complaint should be dismissed as to Defendant McCormick.

### B. Individual-Capacity Claim

Plaintiff assets a denial-of-medical-care claim against Defendants Waggenhauser, Dukes, and Correctional Medical Group in their individual capacities. For the reasons discussed below, the Court finds that these individual-capacity claims fail to state a claim upon which relief can be

granted.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants Waggenhauser, Dukes, and Correctional Medical Group acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate-indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (alterations in original).

To show that he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To satisfy the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted).

Further, it is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (alteration in original). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff

4

deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.*

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (footnotes omitted). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005). *But see Schaub v. VonWald*, 638 F.3d 905, 919 (8th Cir. 2011) (stating that submission of verifying medical evidence is unnecessary where the need for medical attention would have been obvious to a layperson).

Plaintiff fails to meet the subjective prong of the test. Plaintiff does not allege that he was denied any medical care after he slipped and fell, or that he was denied pain or other medication. Instead, he alleges only that he was denied an MRI and an x-ray. Thus, Plaintiff merely disagrees with the medical care he has received, which does not state a plausible individual-capacity claim for denial of medical care against Defendants Waggenhauser, Dukes, and Correctional Medical Group. Therefore, the Court finds that these claims should be dismissed.

**C. Official-Capacity Claims**

Plaintiff asserts denial-of-medical-care claims against Defendants Waggenhauser, Dukes, and Correctional Medical Group in their official capacity, as well as denial-of-access-to-courts and inadequate-grievance-procedure claims against unknown, unnamed Defendants in their official capacity.

Under section 1983, a defendant may be sued in either his individual capacity, in his official

capacity, or in both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). With respect to official-capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 726 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official-capacity claims against Defendants are treated as claims against Garland County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims that a county caused an employee to violate the plaintiff's constitutional rights. *Bd. of Cnty. Comm'rs, Okla. v. Brown*, 520 U.S. 397, 405 (1997). To establish Garland County's liability under section 1983, Plaintiff "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson,* 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v.* Whiteledge, 165 F.3d 1197, 1204 (8th Cir. 1999). With this in mind, the Court will now address each of Plaintiff's official-capacity claims.

### 1. Denial of Medical Care

As discussed above for the individual-capacity claim, Plaintiff failed to allege any facts which could support a plausible claim for denial of medical care. In addition, he did not allege that the failure to give him an MRI or an x-ray was pursuant to a Garland County custom or policy. Thus, he does not state a plausible official-capacity claim for denial of medical care. Therefore, the Court finds that Plaintiff's denial-of-medical-care claims against Defendants Waggenhauser, Dukes, and Correctional Medical Group in their official capacities should be dismissed.

## 2. Denial of Meaningful Access to Courts

Plaintiff has also failed to state a cognizable claim for denial of access to the courts based on his allegations concerning the law library. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts." *Bounds*, 430 U.S. at 824. Providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (stating that the constitutional requirement of access to the courts may be satisfied in a number of ways, including prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

However, an inmate has no standing to pursue a denial-of-access claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-52; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (stating that to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d

826, 831 (8th Cir. 2008).

Although Plaintiff's allegations could be construed to state the existence of a policy or custom concerning access to courts, Plaintiff did not allege that he suffered any prejudice or actual injury as a result of an issue with law-library access. He does not claim that his efforts to pursue his legal claims have been hindered by denial of access to the law library or by the library's inadequacies. He has therefore failed to state a plausible claim in any capacity for denial of meaningful access to the courts. Therefore, the Court finds that Plaintiff's claim of denial of access to the courts should be dismissed.

### 3. Inadequate Grievance Procedure

Plaintiff failed to state a plausible claim as to the allegedly inadequate grievance procedures at the GCDC. To establish a claim under 42 U.S.C. § 1983, a plaintiff must show a deprivation, under color of law, of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Inmates do not have a constitutionally protected right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)). "Therefore, a prison official's failure to respond to an inmate's grievances or to return copies of those grievances to that inmate, without more, is not actionable under § 1983." *Evans v. Jones*, No. 1:07-cv-1036-HFB, 2007 WL 2343843, at *1 (W.D. Ark. Aug. 14, 2007).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id.* (citation omitted). "[A]ny alleged due process violation arising from the alleged

8

failure to investigate . . . grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Although Plaintiff's allegations could be construed to state the existence of a policy or custom concerning the quality of the grievance procedure, Plaintiff was able to obtain a section 1983 form and submit it successfully to this Court. The alleged inadequacies of the GCDC's grievance procedure did not deprive Plaintiff of access to the courts. "[A] prison official's failure to respond to an inmate's grievances or to return copies of those grievances to that inmate, without more, is not actionable under § 1983." *Evans*, 2007 WL 2343843, at *1. Thus, Plaintiff has failed to state a plausible claim regarding the inadequacies of the grievance procedure at the GCDC. Therefore, the Court finds that this claim should be dismissed.

### III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's case should be and hereby are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of August, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge